```
IN THE UNITED STATES DISTRICT COURT
  FOR THE NORTHERN DISTRICT OF ILLINOIS
            EASTERN DIVISION
```

| | |
|---|---|
| **ANITA CATLAN CAMERENA,**<br><br>          **Plaintiff,**<br><br>       **v.**<br><br>**MICHAEL CHERTOFF,** Secretary, United States Department of Homeland Security,<br><br>          **Defendant.** | **Case No. 07 C 822**<br><br>**Hon. Harry D. Leinenweber** |

## MEMORANDUM OPINION AND ORDER

Before the Court is Defendant's Motion to Dismiss pursuant to FED. R. CIV. P. 12(b)(6) for failure to state a claim upon which relief may be granted. For the following reasons, the Motion is denied.

### I.  BACKGROUND

Plaintiff Anita Catlan Camerena (hereinafter, "Camerena" or "Plaintiff") filed a Writ of Mandamus to compel the United States Citizenship and Immigration Services ("USCIS"), part of the Department of Homeland Security, to adjudicate her Form I-485 application for adjustment of status. Camerena bases jurisdiction on the Mandamus Act, 28 U.S.C. § 1361, and 28 U.S.C. § 1331 in conjunction with the Administrative Procedure Act (the "APA"), 5 U.S.C. §§ 701-706. *See* Compl. ¶ 1, 10. Camerena entered the United States on August 7, 2001 on a J1 visa. Compl. ¶ 3. She

married her husband, Michael, on August 10, 2004. In September 2004, she filed an Application to Adjust Status, and her husband filed an I-130 Petition for Alien Relative on her behalf. Compl. ¶ 6. Camerena and her husband completed an interview with USCIS on April 19, 2005. *Id.* Camerena has been making inquiries regarding her application since then, but USCIS has yet to adjudicate her pending application. Compl. ¶¶ 8-9.

Defendant seeks to dismiss for failure to state a claim and lack of subject matter jurisdiction. Defendant contends that because the decision whether to adjust status is discretionary, Plaintiff has no clear right to relief under the Mandamus Act and 8 U.S.C. § 1252(a)(2)(B)(ii) strips the federal courts of jurisdiction to review the pace at which USCIS processes adjustment of status applications. Def.'s Mot. to Dismiss at 1.

## II. **STANDARD OF REVIEW**

In deciding a motion to dismiss for failure to state a claim under Rule 12(b)(6), the Court accepts all well-pleaded allegations in the complaint as true and draws all reasonable inferences in a light favorable to the plaintiff. *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1964 (2007). To avoid dismissal, the "allegations must plausibly suggest that the defendant has a right to relief, raising that possibility above a 'speculative level.'" *E.E.O.C. v. Concentra Health Services, Inc.*, 496 F.3d 773, 776 (7th Cir. 2007) (citing *Bell Atlantic*, 127 S. Ct. at 1965).

## III.  DISCUSSION

### A.  Stating a claim under the Mandamus Act and the APA

Defendant argues that there is no clear right to relief under the Mandamus Act and no review pursuant to 5 U.S.C. § 701(a) because the ultimate decision whether to grant or deny an application for adjustment of status is discretionary.  *See* Def.'s Mot. to Dismiss at 3, 6-8.  While the ultimate decision whether to adjust status is discretionary, *see* 8 U.S.C. § 1255(a) ("The status of an alien . . . *may* be adjusted by the Attorney General, *in his discretion* and under such regulations as he may prescribe, to that of an alien lawfully admitted for permanent residence. . . .") (emphasis added), the question here is whether making a decision within a reasonable time – or at all – is also discretionary.  No circuit court has spoken on this issue, and district courts around the country are divided.  *Compare, e.g., Grinberg v. Swacina*, 478 F.Supp.2d 1350 (S.D. Fla. 2007) (holding that the pace of adjudication of adjustment of status applications is discretionary and not subject to judicial review); *Li v. Chertoff*, 482 F.Supp.2d 1172 (S.D. Cal. 2007) (same); *Safadi v. Howard*, 466 F.Supp.2d 696 (E.D. Va. 2006) (same) *with He v. Chertoff*, ___ F.Supp.2d ___, 2008 WL 36634 (N.D. Ill. Jan. 2, 2008) (holding that USCIS owes a non-discretionary duty to adjudicate applications within some reasonable time); *Khelashvili v. Dorochoff*, No. 07 C 2826, 2007 WL 4293634 (N.D. Ill. Dec. 6, 2007) (same); *Tang v. Chertoff*,

493 F.Supp.2d 148 (D. Mass. 2007) (same); *Saleem v. Keisler*, ___ F.Supp.2d ___, 2007 WL 3132233 (W.D. Wis. Oct. 26, 2007) (same); *Agbemaple v. I.N.S.*, No. 97 C 8547, 1998 WL 292441 (N.D. Ill. May 18, 1998) (same).

The Court is persuaded that the adjudication of adjustment of status applications within some reasonable amount of time is not discretionary and that Plaintiff has stated a claim under the Mandamus Act and the APA.

### *1. The Mandamus Act*

Under the Mandamus Act, district courts have "original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff."  28 U.S.C. § 1361. "Mandamus relief will be granted if the plaintiff can demonstrate that the three enumerated conditions are present:  (1) a clear right to the relief sought; (2) that the defendant has a duty to do the act in question; and (3) no other adequate remedy is available."  *Iddir v. I.N.S.*, 301 F.3d 492, 499 (7th Cir. 2002); *see also, Ahmed v. Department of Homeland Security*, 328 F.3d 383, 386-87 (7th Cir. 2003) ("A conclusion that only one of those prerequisites is missing should lead the district court to deny the petition, not because it now realizes that it had no power to be thinking about the case in the first place but because the

plaintiff has not demonstrated an entitlement to this form of extraordinary relief.").

In *Iddir*, the Seventh Circuit held that plaintiffs who had won the Diversity Visa Lottery and the chance to apply for permanent resident status had a clear right to timely adjudication of their applications and the INS had a duty to act because "[t]he section on diversity immigration visas [8 U.S.C. § 1153(c)] repeatedly commands the Attorney General, in nondiscretionary language, to do a variety of tasks related to the DV Program," and "the applicable regulations provide that the INS shall process and select immigrants from the petitions submitted." *Id.* at 499-500. The court contrasted the nondiscretionary language in § 1153(c) with discretionary language in § 1255(a): "[t]he term 'shall' denotes a clear directive, a command, as opposed to the terms 'may' or 'in his discretion' used in a statute such as 8 U.S.C. § 1255(a)." *Id.* at 499.

Defendant interprets this statement as holding that adjustment of status applicants never have a clear right to timely adjudication. *See* Def.'s Mot. to Dismiss at 3. The Court disagrees. First, the *Iddir* plaintiffs had to apply for adjustment of status pursuant to 8 U.S.C. § 1255(a) even after winning a visa pursuant to § 1153(c), and the Seventh Circuit held that the INS failed to fulfill its duty to adjudicate their applications within a reasonable time. *Iddir*, 301 F.3d at 499-500. This shows that

"far from leading inexorably to the conclusion that relief under section 1255(a) is always discretionary, *Iddir* can be read to mean that, in some circumstances, agency inaction can violate an [adjustment of status] applicant's clear right to adjudication of his case." *He*, 2008 WL 36634, at *3.

Second, the text of the statute provides no support for Defendant's position. While 8 U.S.C. § 1255(a) gives the agency discretion to decide whether to grant or deny an application for adjustment of status, it does not give discretion to make no decision at all or take an indefinite amount of time to make a decision. *See* 8 U.S.C. § 1255(a); *Saleem*, 2007 WL 3132233, at *4.

Third, the applicable regulations support the view that Plaintiff has a clear right to relief and the agency has a clear duty to act. Like the applicable regulations in *Iddir*, here "the regulations are drafted on the assumption that defendants *will* decide each application." *Saleem*, 2007 WL 3132233, at *6 (citing 8 C.F.R. § 245.2(a)(5)(i) ("The applicant shall be notified of the decision of the director and, if the application is denied, the reasons for the denial.")); *see Iddir*, 301 F.3d at 500 (citing regulations requiring the agency to act in support of holding that applicants had clear right and agency had clear duty).

Fourth, if 8 U.S.C. § 1255(a) did not provide a right to an adjudication within a reasonable time, USCIS "would be able to delay indefinitely." *Agbemaple*, 1998 WL 292441, at *2 ("Although

[the] statute [does not] specif[y] a time by which an adjudication should be made, we believe that by necessary implication the adjudication must occur within a reasonable time. . . . Congress could not have intended to authorize potentially interminable delays."); *He*, 2008 WL 36634, at *3 (same); *Khelashvili*, 2007 WL 4293634, at *2 (same); *Tang*, 493 F.Supp.2d at 150 ("The duty to act is no duty at all if the deadline is eternity.").

Hence, the Court finds that Defendant has a nondiscretionary duty to adjudicate applications for adjustment of status within a reasonable time. Plaintiff has properly stated a claim under the Mandamus Act because she has a clear right to relief, Defendant has a clear duty to act, and there is no other adequate remedy. The Court rejects Defendant's contention that such a finding would mean that Defendant has to rule on Plaintiff's application prior to the completion of required background checks. *See* Def.'s Mot. to Dismiss at 4-5. At the motion to dismiss stage, the Court is not deciding the remedy to which Plaintiff would be entitled if she were ultimately to prevail.

### *2. The APA*

The APA provides that a reviewing court shall "compel agency action unlawfully withheld or unreasonably delayed," 5 U.S.C. § 706(1), and "within a reasonable time, each agency shall proceed to conclude a matter presented to it," 5 U.S.C. § 555(b). Defendant argues that Plaintiff's claim under the APA should be

dismissed because the APA does not cover acts that are committed to agency discretion. Def.'s Mot. to Dismiss at 7-8; *see* 5 U.S.C. § 701(a). As discussed above, Defendant's obligation to adjudicate applications for adjustment of status within a reasonable time is not discretionary. Thus, Plaintiff has properly stated a claim under the APA.

### B. Jurisdictional Bar in 8 U.S.C. § 1252(a)(2)(B)(ii) Does Not Apply

8 U.S.C. § 1252(a)(2)(B)(ii) provides, in relevant part, "Notwithstanding any other provision of law (statutory or nonstatutory), including . . . sections 1361 and 1651 of [Title 28], . . . no court shall have jurisdiction to review . . . any other *decision or action* of the Attorney General or the Secretary of Homeland Security *the authority for which is specified under this subchapter* to be in the discretion of the Attorney General or the Secretary of Homeland Security. . . ." (emphasis added). Defendant argues that § 1252(a)(2)(B)(ii) strips federal courts of jurisdiction to review the pace of decision-making on adjustment of status applications. Def.'s Mot. to Dismiss at 6-7.

This argument is foreclosed by *Iddir*. The Seventh Circuit held that § 1252(a)(2)(B), "by its use of the terms 'judgment' [in § 1252(a)(2)(B)(i)] and 'decision or action' [in § 1252(a)(2)(B)(ii)], only bars review of actual discretionary decisions to grant or deny relief under the enumerated sections, including section 1255." *Iddir*, 301 F.3d at 497. There, as here,

"[t]he INS never . . . made any determinations regarding the appellants' eligibility or qualifications for adjustment of status," so there "is neither a 'judgment' nor a discretionary 'decision or action' precluding review." *Id.* at 498. The Seventh Circuit affirmed this holding in *Ahmed*: "8 U.S.C. § 1252(a)(2)(B) did not bar appellate review, because that statute applies only if there has been an actual discretionary decision either to grant or to deny the visa. The problem . . . was that no decision of any kind had been rendered." *Ahmed*, 328 F.3d at 387 (internal citation omitted).

Even if Defendant could distinguish *Iddir* (which he has not attempted to do), the Court is not persuaded by the reasoning of the courts applying the jurisdictional bar. For example, in *Safadi v. Howard,* 466 F.Supp.2d at 699, the court held that "action" includes "any act or series of acts that are discretionary within the adjustment of status process." But "an exercise of jurisdiction over plaintiff's claim is not contingent on whether an 'action' is a final decision or includes interim actions taken along the way." *Saleem*, 2007 WL 3132233, at *4. In any case, Plaintiff is not challenging an interim action of Defendant, only the failure to act. *See* Pl.'s Response to Def.'s Mot. to Dismiss at 2; *cf. Iqbal Ali v. Gonzales*, 502 F.3d 659, 664 (7th Cir. 2007) (holding that Immigration Judge's denial of motion for continuance is "a procedural step along the way to an unreviewable final

decision – and the denial of the motion is therefore unreviewable."). The plain meaning of "action" does not include "inaction." *See Liu v. Novak*, 509 F.Supp.2d 1, 6-7 (D.D.C. 2007).

Defendant's argument that Congress would have provided a time limitation in 8 U.S.C. § 1255(a) if it had intended to confer jurisdiction over the pace of adjudication reverses the ordinary presumption that "congressional intent to limit federal jurisdiction, generally, must be clear and convincing in order to preclude judicial review." *Iddir*, 301 F.3d at 496. It also confuses the jurisdiction question with the merits of the case. *See Saleem*, 2007 WL 3132233, at *4 ("Although congressional silence on this point may inform the resolution of the *merits* of this case (whether defendants have waited too long to decide plaintiff's application), . . . Congress's failure to impose a deadline [cannot be] construed as a withdrawal of jurisdiction that would otherwise be present.").

Finally, as other district courts have noted, there is a contradiction in the reasoning of some courts holding that there is no jurisdiction. After finding no jurisdiction, the *Safadi* court stated, "not addressed here is the question whether jurisdiction would exist in a district court to review plaintiff's case where USCIS refused altogether to process an adjustment application or where the delay was so unreasonable as to be tantamount to a refusal to process the application." *Safadi*, 466 F.Supp.2d at 700;

see also *Li*, 482 F.Supp.2d at 1178 (holding that there is no jurisdiction to review the reasonableness of the pace of adjudication as long as the government "is making reasonable efforts"). But this "impl[ies] that a court does have some authority to review the reasonableness of the agency's efforts." *Qiu v. Chertoff*, No. C07-578, 2007 WL 1831130, at *2 (N.D. Cal. June 25, 2007); see also *He*, 2008 WL 36634, at *6.

In sum, 8 U.S.C. § 1252(a)(2)(B) does not strip this Court of jurisdiction to review the pace at which USCIS adjudicates Plaintiff's adjustment of status application.

## IV. CONCLUSION

For the reasons stated herein, the Defendant's Motion to Dismiss Plaintiff's Complaint Pursuant to FED. R. CIV. P. 12(b)(6) is **DENIED**.

**IT IS SO ORDERED.**

 Harry D. Leinenweber, Judge
 United States District Court

**DATE:** 1/16/2008